IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-770-BO

| | |
|---|---|
| ANNETTE R. COY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| CAROLYN COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 20, 24]. A hearing on this matter was held in Elizabeth City, North Carolina on January 13, 2015. For the reasons discussed below, this matter is REMANDED for further consideration by the Commissioner.

## BACKGROUND

Plaintiff applied for Title II disability insurance benefits and Title XVI supplemental security income on January 4, 2010, alleging disability beginning January 1, 2007 [Tr. 116, 202]. Her date last insured was December 31, 2010. [Tr. 16]. These applications were denied initially and upon reconsideration. An Administrative Law Judge (ALJ) held a hearing on April 4, 2012, at which Ms. Coy appeared pro se. The ALJ rendered an unfavorable decision and the Appeals Council denied Ms. Coy's request for review, rendering the ALJ's decision the final decision of the Commissioner. Ms. Coy now seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

Ms. Coy was 47 years old as of her alleged onset date and 53 at the time of the ALJ's decision. [Tr. 23, 52]. She has a bachelor's degree and past work experience as a teacher. [Tr. 23,

53–62]. She takes daily medications for several impairments and wears braces on her arms. [Tr. 18]. At the time of the hearing, plaintiff had a Veteran's Administration (VA) disability rating of 70% due to post-traumatic stress disorder (PTSD). [Tr. 221–22]. At the hearing, plaintiff's counsel informed the Court that plaintiff was awarded a 100% VA disability rating shortly after the instant claim was denied.

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the Court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work and, fifth, if the impairment prevents the claimant from doing other work. *Id.*

2

The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

At step one, the ALJ determined that plaintiff met the insured status requirements and had not engaged in substantial gainful activity from her alleged onset date through her date last insured. [Tr. 16]. Ms. Coy's diabetes mellitus, hypertension, migraine headaches, chronic back pain, cervical disc disease, history of transient ischemic attack, carpal tunnel syndrome, joint pains, post-traumatic stress disorder (PTSD) and depression qualified as severe impairments at step two but were not found to meet or equal a Listing at step three. [Tr. 16–17]. The ALJ concluded that plaintiff had the residual functional capacity (RFC) to perform a limited range of light work. [Tr. 18]. The ALJ limited Ms. Coy to no more than occasional climbing of ramps or stairs, occasional postural activities, and simple, routine, repetitive tasks in a low-stress work setting. [*Id.*]. She was restricted to no production-pace work, no more than frequent social interaction with supervisors and coworkers, and no work with public other than incidental contact, and avoiding even moderate exposure to workplace hazards. [*Id.*]. The ALJ correspondingly found at step four that Ms. Coy was no longer capable of performing her past relevant work as a pre-school teacher. [Tr. 23]. At step five, the ALJ determined that Ms. Coy was still capable of performing the jobs of photocopy machine operator, folder and potato chip sorter and correspondingly concluded that she was not disabled within the meaning of the Act. [Tr. 24].

Here, the ALJ failed to order and review the VA disability determination. The Fourth Circuit recently held that "in making a disability determination, the SSA must give substantial weight to a VA disability rating." *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 343 (4th Cir. 2012). An ALJ can only give less weight to a VA disability rating when the record supports

3

that such deviation is appropriate. *Id.* The ALJ was aware the VA disability determination existed, and indeed, even referenced a letter submitted by plaintiff that explained she was entitled to VA disability benefits. The ALJ, however, did not discuss the VA disability determination at all, but summarily dismissed it, stating that the "record . . . supports the claimant's residual functional capacity, regardless of the VA rating." [Tr. 23]. The lack of explanation of the VA's disability determination is unsurprising given that the ALJ did not order and review the actual VA disability determination. Without reviewing the determination, the ALJ had no basis for assigning it less than substantial weight, nor could he determine that deviation therefrom was appropriate. Accordingly, the Court finds that it was error for the ALJ not to review the VA disability determination and explain if and how deviation therefrom was appropriate. Moreover, the VA determination of 100% disability close in time to the ALJ's denial implies that plaintiff's PTSD was causing functional difficulties and underscores the fact that the rationale underlying the VA disability determination was important to plaintiff's case.

The ALJ's error was compounded by the fact that Ms. Coy was unrepresented at her hearing. Where a plaintiff is unrepresented, the plaintiff is entitled to "sympathetic assistance of the ALJ to develop the record and to 'assume a more active role' and adhere to a 'heightened duty of care and responsibility.'" *Smith v. Barnhart*, 395 F. Supp. 2d 298, 301 (E.D.N.C 2005) (quoting *Crider v. Harris*, 624 F.2d 15, 16 (4th Cir. 1980). When adjudicating the claims of unrepresented plaintiffs, an ALJ should "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." *Gold v. Sec'y of Health, Educ. and Welfare*, 463 F.2d 38, 43 (2nd Cir. 1972). An ALJ may not rely solely on the evidence submitted by the plaintiff. *See Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986); *Marsh v. Harris*, 632 F.2d 296, 299 (4th Cir. 1980). Although the record demonstrates that the ALJ did make a concerted effort to aid

plaintiff, the fact remains that the VA disability determination was material to plaintiff's case, the ALJ knew the determination existed, and failed to help plaintiff obtain and/or admit it into the record.

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one which "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F.Supp. 230, 236 (E.D.N.C. 1987). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974). Remand, rather than reversal, is required when the ALJ fails to explain his reasoning and there is ambivalence in the medical record, precluding a court from "meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013) (citing *Kastner v. Astrue*, 697 F.3d 642, 648 (7th Cir. 2012)). Here, the appropriate action is to remand the case to the Commissioner. *Meyer v. Astrue*, 662 F.3d 700, 707 (4th Cir. 2011). ("assessing the probative value of competing evidence is quintessentially the role of the fact finder."). Upon remand, the Commissioner is to obtain the VA disability determination and review it in order to give it appropriate weight in the SSA disability determination.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings is GRANTED, and the matter is REMANDED to the Commissioner for further proceedings consistent with this decision.

SO ORDERED, this 28 day of January, 2015.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE